IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § NO. A-08-CR-195(1) (LY) |
| | § |
| JOHNNY VASQUEZ | § |

**SENTENCING MEMORANDUM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHNNY VASQUEZ, Defendant in the above entitled and numbered cause, and respectfully submits this sentencing memorandum and would show the Court as follows:

I. Introduction

Vasquez is currently set for sentencing in the above cause on January 23, 2009. Vasquez pled guilty to a charge of Conspiracy to Possess with Intent to Distribute Cocaine on October 27, 2008. The maximum term of imprisonment for this count is 20 years.

II.

The probation office has determined that Vasquez not receive credit for Acceptance of Responsibility, primarily due to two positive urine specimens for marijuana on September 3, 2008, and September 22, 2008. The probation officer claims that these specimens indicate that Vasquez has not accepted his responsibility by not

abstaining from illegal actions while on federal bond. Vasquez was arrested on August 30, 2008, on a federal warrant, and was released on bond on September 3, 2008.

III.

Vasquez clearly cannot be held responsible for violating a condition of his federal release for the positive specimen taken on September 3, 2008. He was arrested on August 30, 2008, and released on September 3, 2008, and presumably did not have access to engage in the consumption of marijuana while in federal custody. Therefore, any of Vasquez's actions that led to the positive test on September 3, 2008, occurred prior to being arrested on federal charges, and, while undertaken while on release on bond for state charges, do not show a continuing criminal conduct once he was arrested on federal criminal charges.

IV.

Vasquez's second positive specimen was obtained on September 22, 2008, nineteen days after his release from federal custody on bond. There is no indication of evidence that this subsequent positive specimen was caused by criminal conduct committed after his arrest and release on the federal criminal charges. Any evidence of criminal conduct after Vasquez's release on bond from federal custody must be shown by testimony or other evidence beyond that of a mere positive specimen that could have been caused by actions taken prior to Vasquez even knowing there was a federal charge pending against him.

V.

Vasquez has had no further positive tests for marijuana, or any other controlled substance, following the September 22, 2008 results. The lack of any other positive tests indicates that Vasquez had accepted responsibility for his actions by September 22, 2008, at the very latest, and has continued to avoid engaging in criminal conduct since that time. Even had Vasquez engaged in criminal conduct after his release on federal bond, he clearly ended such conduct no later than September 22, 2008. Moreover, the probation officer indicates in her report that Vasquez admitted during the presentence interview that he had been smoking marijuana prior to his federal arrest, which differed from his original version of the facts prior to his release. This admission should be seen as an indication that Vasquez is accepting responsibility for his criminal conduct, and has a higher measure of acceptance now than he did at the time of his arrest. Instead of punishing Vasquez for being truthful and admitting conduct, it should be taken as a sign that he has truly accepted responsibility for his conduct.

VI.

Vasquez should be given the guideline range that he would have if he had been given his acceptance and safety valve. The Court can arrive at the range either by granting the objections or varying downward. Mr. Vasquez engaged in self-destructive marijuana smoking not distributing cocaine while on bond. He has had a long term problem with marijuana. He needs treatment. Five years in prison for smoking a joint would be punishment for not being able to quit on his own. If people could stop by

themselves society could close all the treatment centers including those run by the Bureau of Prisons.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the Court consider this Sentencing Memo and set Vasquez punishment at no more than the level 23 range.

Respectfully submitted,

/s/ Stephen M. Orr
STEPHEN M. ORR
ORR & OLAVSON
804 Rio Grande
Austin, Texas 78701
(512) 472-8392
Fax (512) 473-8417
Texas Bar No. 15317000

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January, 2009, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Sharon Pierce
AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

/s/ Stephen M. Orr
STEPHEN M. ORR